ALBERT K. MARMERO, ESQUIRE
ATTORNEY ID #: 020462003
MARMERO LAW, LLC
44 EUCLID STREET
WOODBURY, NEW JERSEY 08096
(856) 848-6440 PHONE
(856) 848-5002 FACSIMILE
amarmero@marmerolaw.com
*ATTORNEYS FOR DEFENDANT, TOWNSHIP OF DEPTFORD*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Usman Chaudhry <br><br> Plaintiff, <br><br> vs. <br><br> Township of Woodbury, Township of Deptford, Township of Franklin, John Armano, <br><br> Defendants. | Case No. 25-cv-4245 <br><br> *Civil Action* |

**DEFENDANT, TOWNSHIP OF DEPTFORD, BRIEF IN SUPPORT OF NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

By: */s/ Albert K. Marmero*
Albert K. Marmero, Esquire
MARMERO LAW, LLC
44 Euclid Street
Woodbury, NJ 08096
P: (856) 848-6440
F: (856) 848-5002
amarmero@marmerolaw.com
Attorneys for Defendant, Township of Deptford

Dated: July 31, 2025

## TABLE OF CONTENTS

**Page**

I.    Introduction……………………………………………………    **4**

II.    Statement of Facts………………………………………………..    **4**

III.    Legal Argument……………………………………………….    **6**

    A.  Plaintiff's ADA Claim Should be Dismissed…………………….    **7**

    B.  Plaintiff's Civil Rights Claims Fail to State a Legal Claim…….    **9**

    C.  Plaintiff's Civil Conspiracy Claim Fails as a Matter of Law…...    **10**

IV.    Conclusion……………………………………………………    **11**

## TABLE OF AUTHORITIES

**CASES**                                                                                              **Page**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)…………………………………...          7

Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)……..          9

Bell Atlantic v. Twombly, 550 U.S. 544, 555, 557 (2007)……………………….          7

Callaway v. Small, 576 F. Supp. 3d 232, 249 (D.N.J. 2021)……………………..          11

City of Canton v. Harris, 489 U.S. 378, 389 (1989)………………………………...          10

Lenard v. Argento, 699 F.2d 874, 882 (7th Cir. 1983)…………………………...          11

Los Angeles Cnty. v. Humphries, 562 U.S. 29, 35-36 (2010)……………………          10

Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)……………..          7

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978)…………………          10

Papasan v. Allain, 478 U.S. 265, 286 (1986)…………………………………..          6

Payan v. Los Angeles Cmty. Coll. Dist., 11 F.4th 729, 737 (9th Cir. 2021)……..          7

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008)………………..          6

Russo v. Voorhees Twp., 403 F. Supp. 2d 352, 359 (D.N.J. 2005)………………          11

Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008)……………...          11

**STATUTES**

42 U.S.C § 1985 ..............................................................................................          4, 6, 10

42 U.S.C. § 12102(1) ......................................................................................          8

42 U.S.C. § 12132 ..........................................................................................          7

42 U.S.C. § 1983 ............................................................................................          4, 6, 9

**RULES**

Fed. R. Civ. P. 12(b)(6)…………………………………………………………...          4, 6

## I.    INTRODUCTION

Defendant, Township of Deptford (hereinafter "Deptford"), submits this brief in support of its motion to dismiss the Complaint filed against it by *pro se* Plaintiff, Usman Chaudhry (hereinafter "Plaintiff" or "Chaudhry"), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff's Complaint is nothing more than a recitation of legal standards, but without factual allegations needed to show that his rights were violated by Deptford under either the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89, ("ADA"), or that Deptford engaged in conduct that violated certain constitutional rights of the Plaintiff in violation of either 42 U.S.C. § 1983 or 42 U.S.C § 1985. Without such facts being pled, Plaintiff's Complaint fails as a matter of law to establish any viable legal causes of action against Deptford, and the Complaint should now be dismissed.

## II.    STATEMENT OF FACTS

Deptford is a municipality duly organized and existing under the laws of the State of New Jersey. (It is not, as now alleged, a municipality that was duly organized under the laws of the State of New Hampshire.) (See Plaintiff's Complaint, Paragraph 6). Along with Deptford, Plaintiff has also named the Townships of Woodbury and Franklin as additional Defendants, as well as John Armano, who Plaintiff claims is employed as a Judge for all three municipalities. (Plaintiff's Complaint, Paragraphs 5, 7-8).

According to Plaintiff's Complaint, he is an individual with "documented, protected, and permanent" disabilities under the ADA. (Plaintiff's Complaint, Paragraph 9) Yet, nowhere in the Complaint are there any factual allegations identifying precisely what those alleged disabilities are. Without such vital factual allegations, there is no legal basis for determining whether any of the Defendants here engaged in conduct that would have violated the ADA because there is nothing

beyond Plaintiff's bald assertion that he is disabled that would remotely support Plaintiff's allegations that he is entitled to receive the ADA's legal protections.

Plaintiff further blanketly asserts that Armano, a township municipal judge, refuses to comply with established federal law or allow any accommodations for protected disabilities under the ADA. (Plaintiff's Complaint, Paragraph 12). Apparently, this is allegedly because Armano purportedly issued an "unlawful" court order against Plaintiff for failure to appear in court due to his alleged "protected and permanent" disabilities. (Plaintiff's Complaint, Paragraph 13). Yet, in the Complaint, there is no discussion of the circumstances surrounding the issuance of this order, which court it was issued under, when it was issued, or why the order's issuance violated Plaintiff's rights. Nor are there any allegations that link Armano's actions to his serving at the time as a judge for Deptford when this alleged wrongful conduct occurred. All that Plaintiff vaguely states is that he "furnished all supporting medical records and was approved for accommodations in all jurisdictions," (Plaintiff's Complaint, Paragraph 11), and that Armano's conduct was "reckless" because he could have conducted a zoom proceeding for Plaintiff which commonly is utilized in New Jersey courts today. (Plaintiff's Complaint, Paragraph 14). Significantly, nowhere is it alleged in the Complaint that Plaintiff: (1) ever sought such a zoom virtual accommodation from Deptford, (2) when such an accommodation was actually requested from Deptford; and/or, (3) the circumstances under which the request was made, and why Armano issued the order he supposedly did, and on behalf of Deptford specifically, in denying the request. Nor, for that matter, does Plaintiff allege what the nature of the proceeding was that prompted the required order to appear in person before Armano in the first place, and for which municipality Armano was serving as judge at the time of the making of that denial order. These facts are critical to determining: (1) whether receiving an accommodation of any kind would have been appropriate under the ADA,

(2) who was responsible for making such a decision, and (3) ultimately who might be potentially liable here for any claimed constitutional and statutory violations.

Plaintiff asserts a multitude of claims against the named Defendants for himself (and a purported class of similarly situated others) all stemming from what he claims were Armano's wrongful actions that caused Plaintiff to suffer certain unspecified "severe" harm. First, Plaintiff contends that the ADA was violated because his request for a virtual hearing accommodation was allegedly denied. (First Cause of Action). He then raises a number of constitutional claims under 42 U.S.C. § 1983 contending that Defendants' actions violated both his due process rights and his right to a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution. (Fifth Causes of Action)[1]. Next, he pleads various civil conspiracy claims alleging that the named Defendants violated his rights under 42 U.S.C. § 1983 and 42 U.S.C § 1985. (Sixth and Tenth Causes of Action). Lastly, Plaintiff assets various claims of "municipal liability" and "supervisory liability" under 42 U.S.C. § 1983, and a general "deprivation of rights" claim also under 42 U.S.C. § 1983. (Seventh, Eighth, and Ninth Causes of Action).

For a variety of reasons, as outlined below, the Complaint filed by Plaintiff inadequately pleads legally cognizable claims and should now respectfully be dismissed.

III.    LEGAL ARGUMENT

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, see Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

---

[1] Plaintiff's Complaint includes two "Fifth" Causes of Action.

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). Id. (quoting Twombly, 550 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

As indicated below, Plaintiff's Complaint woefully fails to satisfy this well-established pleading standard here.

### A.  PLAINTIFF'S ADA CLAIM SHOULD BE DISMISSED

The ADA "prohibits public entities from discriminating on the basis of disability." Payan v. Los Angeles Cmty. Coll. Dist., 11 F.4th 729, 737 (9th Cir. 2021) (citation omitted); 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). Disability is defined as "a physical

7

or mental impairment that substantially limits one or more major life activities of such individual," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Here, the ADA claim currently asserted against Deptford fails for the simple reason that the Complaint is devoid of any factual allegations showing that this specific Defendant was the public entity (of the three now being sued) that allegedly violated Plaintiff's ADA rights by denying him a zoom hearing accommodation. While there is an allegation that Armano refused such a request, there is no facts alleged that either Deptford itself denied the request or that Armano was acting as a municipal judge for Deptford when this supposed accommodation request was made and denied. Without such factual allegations, a claim that Deptford violated Plaintiff's rights has not been properly pled because there is no showing that Armano's supposed denial of Plaintiff's accommodation request happened: (1) when he was providing services for Deptford; (2) that Deptford had any involvement in that denial; or (3) it happened in a case involving Plaintiff that was at the time even pending in the Deptford municipal court.

Significantly, Armano is alleged to serve as municipal judge in each of the three named Defendant Municipalities. Obviously, it goes without saying that if Armano's denial of Plaintiff's zoom hearing request happened when Armano was serving as municipal judge for Defendant Township of Franklin in a case pending in that jurisdiction, Deptford could not be judged to have violated Plaintiff's rights under the ADA because Armano's actions would have occurred for a different municipality. Therefore, without any details linking Deptford to Armano at the time he allegedly denied Plaintiff's zoom hearing request, no viable claim can be asserted against Deptford, and Plaintiff's ADA claim should be dismissed for this fundamental reason alone.

Moreover, the Complaint also should be dismissed because it is devoid of other critical factual allegations that undermine not only the ADA claim but also Plaintiff's remaining claims as well. First, while Plaintiff contends he is disabled, there is no specific mention of what that disability is, and why it needed to be accommodated through a zoom court hearing. Similarly, while Plaintiff generally asserts that he provided "all supporting medical records and was approved for accommodations in all jurisdictions" he does not identify who these alleged jurisdictions were and has likewise failed to plead that the three named municipal Defendants were jurisdictions who were allegedly given such information. Nor for that matter has Plaintiff identified the precise reason for his needed in person appearance in municipal court, and which municipal court he was required to physically appear in because his accommodation request for a zoom hearing was denied. Without such vital information, Plaintiff cannot state either a viable claim of disability discrimination under the ADA or establish any claimed constitutional rights violations against Deptford. As a result, such claims should now be dismissed.

### B.  PLAINTIFF'S CIVIL RIGHTS CLAIMS FAIL TO STATE A LEGAL CLAIM

Similarly, each of Plaintiff's constitutional civil rights claims alleging a violation of 42 U.S.C. § 1983 also must be dismissed because these claims, found within the Fifth, Seventh, Eighth and Ninth Causes of Action, lack a critical element that must be pled to successfully establish such claims.

Section 1983 of Chapter 42 of the United States Code authorizes redress for violations of constitutional and statutory rights by people acting under the authority of a governmental entity. It is not in itself a source of substantive rights, but rather, the method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes. Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). Although a municipality may be sued under § 1983 for a civil rights claim, a claim against a municipality

9

requires that a Plaintiff plead facts showing that a municipally adopted policy, procedure, or practice is the moving force behind the alleged violation of his rights. See e.g., <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n. 55 (1978); see also <u>Los Angeles Cnty. v. Humphries</u>, 562 U.S. 29, 35-36 (2010).

Here, Plaintiff identifies no policy, practice, or procedure of Deptford in his Complaint that is the moving force of the alleged violation of his rights. Instead, he states generally that Armano on one occasion denied a single request for a virtual zoom hearing, and there is no allegation that this was done pursuant to any policy, practice or procedure of Deptford. Thus, as Plaintiff has failed to plead this critical element of a Section 1983 claim necessary against a municipality like Deptford, each of the above counts of his complaint alleging civil rights violation under Section 1983 should be dismissed for failure to state a legally cognizable claim.

## C.  PLAINTIFF'S CIVIL CONSPIRACY CLAIM FAILS AS A MATTER OF LAW

The final claims now asserted by Plaintiff involve civil conspiracy allegations against the named Defendants who purportedly jointly schemed to violate Plaintiff's civil rights in violation of 42 U.S.C § 1985. These claims are also deficiently pleaded and should likewise now be dismissed.

42 U.S.C. § 1985 is a federal law that creates a civil cause of action for damages caused by various types of conspiracies aimed at injuring a person or denying them a federal right or privilege. It is essentially a civil rights conspiracy statute aimed at protecting individuals from collective efforts to undermine their fundamental rights. To succeed on such a claim, the following elements must be alleged: "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon,' and 'an overt act that

10

results in that damage.'" <u>Russo v. Voorhees Twp.</u>, 403 F. Supp. 2d 352, 359 (D.N.J. 2005) (quoting <u>Lenard v. Argento</u>, 699 F.2d 874, 882 (7th Cir. 1983)). "To constitute a conspiracy, there must be a 'meeting of the minds.'" <u>Callaway v. Small</u>, 576 F. Supp. 3d 232, 249 (D.N.J. 2021) (quoting <u>Startzell v. City of Philadelphia</u>, 533 F.3d 183, 205 (3d Cir. 2008)). A "mere acknowledgement that an event occurred does not permit a plausible inference that he [there was] a 'meeting of the minds' to engage in unlawful conduct." Ibid.

In this action, Plaintiff's Complaint does not plead these critical elements establishing a civil conspiracy under Section 1985. Nowhere in Plaintiff's Complaint are any facts alleged showing that the Defendants entered into any type of agreement to deny Plaintiff his civil rights, in general, or conspired in any way to deny him his legal rights through Armano's alleged decision to deny Plaintiff a zoom hearing accommodation. Without the pleading of the existence of an express agreement amongst the Defendants to violate Plaintiff's civil rights, or the provision of any facts that would establish that such in fact happened, or any other factual allegations showing that all necessary elements of the claim are pleaded here, Plaintiff's Section 1985 conspiracy claims found in the Sixth and Tenth Causes of Actions of Plaintiff's Complaint fail as a matter of law and should also now be dismissed.

## IV.    CONCLUSION

Accordingly, for all the foregoing reasons, Defendant Deptford respectfully requests that its instant motion should now be granted, and Plaintiff's Complaint should be dismissed.

Respectfully Submitted,
**MARMERO LAW, LLC**
Attorneys for Defendant, Township of Deptford

*/s/ Albert K. Marmero*
Albert K. Marmero, Esquire

Dated: July 31, 2025

11